

**Muriel Goode-Trufant**
*Acting Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**Eric Teszler**
*Assistant Corporation Counsel*
Office: (212) 356-1652

November 1, 2024

**VIA ECF**
Hon. Laura T. Swain
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

# MEMO ENDORSED

Re:   *Navarro-Carillo, et al. v. Banks, et al.*, 23-cv-4773 (LTS)(JW)

Dear Judge Swain:

I am an Assistant Corporation Counsel in the Office of Corporation Counsel, Muriel Goode-Trufant, Acting Corporation Counsel, attorney for Defendants, the New York City Department of Education ("DOE") and David C. Banks, in his official capacity as Chancellor of the DOE (collectively, "Defendants") in the above-referenced action.

Pursuant to the Court's July 23, 2024 Pre-Trial Order (ECF No. 28), the parties have been directed to file dispositive motions by today, November 1, 2024, as well as any request for a stay "[i]f the movant believes the motion, if granted, would obviate entirely the necessity of a trial in this matter." ECF No. 28 at 1.

I write, jointly with counsel for Plaintiff Maria Navarro-Carillo, as parent and natural guardian of M.G., and in her individual capacity ("Plaintiff"), to inform the Court that the parties each intend to file motions for summary judgment regarding the narrow issue remaining before this Court, as set forth in the parties' July 3, 2024 joint letter (ECF No. 27 at 1):

> At this juncture, the parties agree that the only remaining issues before the Court are (1) the payment of the student's transportation costs for the 2022–2023 school year, and (2) resolving Plaintiff's reasonable attorneys' fees, costs, and expenses. The parties dispute the extent of the DOE's obligation to fund the student's transportation costs under the April 27, 2023 Findings of Fact and Decision ("FOFD") by Impartial Hearing Officer Michael Lazan. Specifically, the issue is whether the FOFD requires DOE to pay the annual cost of transportation as per the parent's agreement with the transportation provider, or if the DOE's obligation is limited to paying for the special transportation services based on the language "to and from school."

Following a number of meet-and-confers regarding this matter, the parties have used best efforts to informally resolve the foregoing. As of this filing, while the parties have been unable to resolve the

scope of DOE's transportation funding obligations to M.G. for the 2022–2023 school year—which will be the primary subject of their respective summary judgment motions—they are amenable to informally negotiating attorneys' fees, costs, and expenses once there has been a final decision on their motions.

The parties additionally share the view that a stay of the remaining deadlines set forth in the Court's July 23, 2023 Pre-Trial Order is appropriate under the circumstances. Regarding a stay, it is well-established that:

> "Every court has the inherent power to stay proceedings to ensure the economic disposition of the cases on its docket." *Landis v. N. A. Co*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936). In evaluating the necessity of a stay, courts consider the following factors: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set. *See Softview Computer Prods. Corp. v. Haworth, Inc.*, 56 U.S.P.Q.2d 1633, 1635-36 (S.D.N.Y. 2000) (citing *Xerox Corp. v. 3Com Corp.*, 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999).

*Infinity Headware & Apparel v. Jay Franco & Sons*, No. 15-cv-1259 (JPO)(RLE), 2015 U.S. Dist. LEXIS 9699, at *7–8 (S.D.N.Y. Jan. 24, 2017). That is, given that the issue remaining before the Court is narrow in scope and can be substantially—if not entirely—resolved through motion practice, the parties are of the view that a stay of any trial-related deadlines will serve the "economic disposition" of this case. Additionally, there is no risk of prejudice to either party, as the instant stay (in this matter where discovery is complete but no trial date has been set) is jointly requested by the parties.

For all of the foregoing reasons, the parties jointly request that the remaining requirements of the Court's July 23, 2024 Pre-Trial Order be stayed pending the Court's decision on the parties' forthcoming dispositive motions, due today.

Respectfully submitted,

_/s/ Eric Teszler_
Eric Teszler, Esq.
Assistant Corporation Counsel

cc:     All counsel of record (via ECF)

The foregoing request is granted.  All remaining deadlines in the Court's July 23, 2024 Pre-Trial Scheduling Order will be stayed pending consideration of the parties' forthcoming dispositive motions and further order of the Court.  This resolves docket entry no. 29.  SO ORDERED.

Dated: November 1, 2024
/s/ Laura Taylor Swain, Chief U.S.D.J.