UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIA NAVARRO-CARILLO, as Parent and Natural Guardian of M.G., and MARIA NAVARRO-CARILLO, individually,<br><br>                              Plaintiff,<br><br>-against-<br><br>DAVID C. BANKS, in his official capacity as Chancellor of the New York City Department of Education, and the NEW YORK CITY DEPARTMENT OF EDUCATION,<br><br>                              Defendants. | 23-CV-4773-LTS-JW |

MEMORANDUM ORDER

Maria Navarro-Carillo ("Plaintiff" or "Navarro-Carillo") brings this action on behalf of herself and her minor child, M.G., against the New York City Department of Education ("DOE") and David C. Banks ("Banks"), in his official capacity as Chancellor of the DOE (together, "Defendants") to compel the DOE to provide school transportation funding in accordance with Plaintiff's understanding of an administrative order issued pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 et seq. (Docket entry no. 1 (the "Complaint").) The Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. section 1331.

Pending before the Court are the parties' cross-motions for partial summary judgment regarding the extent of the DOE's obligation to pay M.G.'s transportation costs for the 2022-2023 school year under the terms of the unappealed final judgment issued by an Impartial Hearing Officer ("IHO") following Due Process proceedings.[1] (Docket entry nos. 30 ("Def.

---

[1] Pursuant to the parties' July 3, 2024, Status Report, the only issues remaining in this action pertain to the extent of DOE's obligation to pay transportation costs and a

MSJ"), 34 ("Pl. MSJ").)  The Court has considered the parties' submissions and, for the following reasons, remands this dispute to the IHO for clarification of the judgment.

BACKGROUND

The following facts are undisputed unless otherwise indicated.[2]

M.G. is a minor child classified as a student with a disability under the IDEA and, as such, is entitled by statute to receive a free appropriate public education ("FAPE").  (Docket entry no. 42 ("Def. Counter 56.1") ¶ 1.)  On July 6, 2022, Plaintiff brought a Due Process Complaint ("DPC") seeking funding for M.G.'s placement at an educational institution known as iBrain during the 2022-2023 school year (hereafter, "22-23 SY").  (Id. ¶¶ 11, 12.)  In the DPC, Plaintiff requested, among other relief, "direct and/or prospective funding of special education transportation with limited time travel."  (Id. ¶ 12; see also docket entry no. 35-1 (the "DPC") at 7.)  Plaintiff entered into evidence the full transportation services agreement she had executed with Sisters Travel and Transportation Services ("Sisters") to transport M.G. to and from iBrain during the 22-23 SY.  (Def. Counter 56.1 ¶ 13; see also docket entry no. 35-2 (the "Sisters Contract").)  The contract provided that Plaintiff would be assessed fees for transportation services at fixed rates based on the number of school days in a month, regardless of whether M.G. actually utilized the services on any particular day.  (Id. at 2.)

---

determination of the amount of attorney's fees to award Plaintiff.  (Docket entry no. 27.)  The parties have represented that they will negotiate a settlement regarding attorney's fees following the resolution of the transportation issue.  (Docket entry no. 31 ("Def. Mem.") at 1 n.1.)

[2]   Facts characterized as undisputed are taken from the parties' statements submitted pursuant to S.D.N.Y. Local Civil Rule 56.1 or drawn from evidence as to which there has been no contrary, non-conclusory factual proffer.  Citations to the parties' respective Local Civil Rule 56.1 Statements incorporate by reference the parties' citations to the underlying evidentiary submissions.

On April 27, 2023, IHO Michael Lazan issued his Findings of Fact and Decision ("FOFD"), holding, in relevant part, that DOE denied M.G. a FAPE during the 22-23 SY, that iBrain was an appropriate placement, and that the parents were entitled to the relief sought. (Id. ¶ 27; see also docket entry no. 1-1 ("FOFD").) IHO Lazan ordered that:

> The Department of Education is ordered to pay for the Student's tuition at The International Institute for the Brain for the cost of full Tuition for the 2022-2023 school year in addition to the costs of related services, including a 1:1 paraprofessional if necessary, and the cost of transportation to and from school.

(FOFD at 3.) Neither party appealed the FOFD. (Def. Counter 56.1 ¶¶ 27-29.)

To date, DOE has not funded the costs of M.G.'s transportation services for the 22-23 SY which, DOE contends, it is not required to do until Plaintiff provides "plausible proof" substantiating M.G.'s specific use of transportation services to and from iBrain. (Id. ¶ 32.) Plaintiff initiated this action to seek repayment of all transportation costs incurred under the Sisters Contract during the 22-23 SY. (Id.)

## DISCUSSION

In this Circuit, a motion for summary judgment concerning IDEA claims is "in substance an appeal from an administrative determination, not a summary judgment." Lillbask ex rel. Mauclaire v. Conn. Dep't of Educ., 397 F.3d 77, 83 n.3 (2d Cir. 2005) (citation omitted). District courts must give appropriate deference to administrative determinations, and "must bear in mind the statutory context and the administrative judges' greater institutional competence in matters of educational policy." R.E. ex rel. J.E. v. N.Y.C. Dep't of Educ., 694 F.3d 167, 189 (2d Cir. 2012) (internal quotation marks and brackets omitted). The Court must be "mindful that the judiciary generally lacks the specialized knowledge and experience necessary to resolve persistent and difficult questions of educational policy." M.H. ex rel. P.H. v. N.Y.C. Dep't of

Educ., 685 F.3d 217, 240 (2d Cir. 2012) (internal quotations marks omitted). "[I]n the event the Court requires further clarification or lacks sufficient guidance from the administrative body, the Court may appropriately remand the matter 'to obtain the necessary educational expertise of the IHO.'" Donohue v. Banks, No. 22-CV-8998-JPC, 2023 WL 6386014, at *7 (S.D.N.Y. Sept. 30, 2023) (quoting T.L. v. N.Y.C. Dep't of Educ., 938 F. Supp. 2d 417, 436 (E.D.N.Y. 2013)).

    The parties' dispute comes down to two plausible interpretations of an ambiguous administrative order. IHO Lazan ordered DOE to pay M.G.'s "cost of transportation <u>to and from school</u>." (FOFD at 3 (emphasis added).) Defendants interpret that language to require payment only for the transportation <u>actually utilized</u> to take M.G. "to and from" iBrain. (Def. Mem. at 2.) Plaintiff posits that the language is intended to encompass <u>all costs</u> related to Plaintiff's transportation services contract, which requires Plaintiff to pay a monthly fee based on calendar school days irrespective of M.G.'s actual attendance or use of the services. (Docket entry no. 36 ("Pl. Mem.") at 7-8.) Either interpretation is plausible. Several judges in this district have reviewed this exact language in various IDEA cases over the past two years and have all found it necessary to remand the issue to the IHO for further clarification. See, e.g., Donohue, 2023 WL 6386014, at *11-12; Davis v. Banks, No. 22-CV-8184-JMF, 2023 WL 5917659, at *5 (S.D.N.Y. Sept. 11, 2023); Frias v. Banks, No. 24-CV-1767-PAE, 2024 WL 4635315, at *3 (S.D.N.Y. Oct. 30, 2024); Phillips v. Aviles-Ramos, No. 23-CV-2140-JPC-JW, 2025 WL 934342, at *12 (S.D.N.Y. Mar. 27, 2025); Zimmerman v. Banks, No. 23-CV-9003-JGK, 2024 WL 4882370, at *4-6 (S.D.N.Y. Nov. 25, 2024). Indeed, Court is not aware of a single case within this Circuit

that found Plaintiff's interpretation to be the unambiguous import of any IHO decision, and Plaintiff provides no case law supporting her contrary assertion.

The Court therefore finds that the ambiguity in the IHO's FOFD requires remand for further clarification. "A court may remand a proceeding when it needs further clarification or does not have sufficient guidance from the administrative agencies." <u>Hidalgo v. N.Y.C. Dep't of Educ.</u>, No. 20-CV-98-JGK, 2021 WL 2827037, at *5 (S.D.N.Y. July 7, 2021). The Court concurs with its fellow judges of this district that the IHO is "plainly in the best position to interpret [his] own orders and, to the extent the existing order[] do[es] not resolve the parties' dispute, further factfinding may be warranted." <u>Davis</u>, 2023 WL 5917659, at *5.

The cross-motions for summary judgment are denied without prejudice to renewal following clarification upon remand.

## CONCLUSION

For the foregoing reasons, the Court denies without prejudice both motions for summary judgment and remands this case to IHO Lazan for further proceedings not inconsistent with this Memorandum Order.

This Memorandum Order resolves docket entry nos. 30, 34.

This case is hereby stayed, and the Clerk of Court is respectfully directed to place it on the suspense calendar pending the outcome of the administrative proceedings upon remand. On September 30, 2025, and each March 31 and September 30 thereafter, or 14 days after the resolution of the administrative action, if earlier, the parties must file a joint status report indicating the status of the administrative proceeding and what, if any, issues remain to be resolved by the Court.

SO ORDERED.

Dated: New York, New York
June 23, 2025

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge